**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| THE RIDGE WALLET LLC, | Case No. 25-cv-09430 |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND FEDERAL UNFAIR COMPETITION |
| v. | |
| JH ECOM LTD d/b/a SHIELD WALLET AND JACOB HARDING, AN INDIVIDUAL, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff The Ridge Wallet LLC ("Plaintiff" or "Ridge") files this Complaint against JH Ecom Ltd. d/b/a Shield Wallet ("Shield Wallet") and Jacob Harding, an individual ("Harding") (collectively "Defendants") alleging, based on Ridge's own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**INTRODUCTION**

1.     The American system of free enterprise encourages and rewards creativity, innovation, investment, and hard work.  That system relies on fair competition, the bounds of which are protected by law and the Courts.

2.     Ridge, an American company founded by Californians and headquartered in California, avails itself of this American system of free enterprise at great effort and large expense.

3.     Ridge is an innovative and revolutionary consumer goods company that has changed the industry with regard to several categories of products.  One such category that Ridge has revolutionized is the category of compact wallets.  An example of that compact wallet product is reproduced below:

1



4.     As a result of Ridge's efforts, and in particular as a result of Ridge's innovation, investment, marketing efforts, and hard work over the last decade-plus, Ridge enjoys substantial goodwill among the consuming public for its high-quality, best-selling, market segment-creating compact wallets.

5.     Ridge's innovation, investment, marketing, and hard work have resulted in Ridge developing substantial and highly valuable intellectual property, including patents, trademarks, and trade dress rights covering its best-selling compact wallets.  A subset of those intellectual property rights are at issue here.

6.     In particular, Ridge has filed for, and received, more than thirty (30) United States patents covering a range of its products.  A substantial number of those United States patents, including the patents asserted herein, cover Ridge's compact wallet products.  They also cover knock-off compact wallet products sold by Ridge clones, such as Defendants.

7.     Ridge has utilized its well-known common law trade dress for the beveled edges around the perimeter of its compact wallets in the United States since at least 2016.  As of the date of the filing of this Complaint, Ridge is on the verge of receiving a trade dress registration for that

beveled edge design.

8.      Each of these categories of intellectual property is a tool Ridge uses to protect itself from unfair competition and/or unauthorized knock-off brands.  Defendants run one such knock-off brand.

9.      On information and belief, Defendant JH Ecom Ltd. d/b/a Shield Wallet is a corporate entity that has constructed its business as a copyist of Ridge's products and brand aesthetic.  While initially operating around the world (including in the United States), Ridge believes that Defendants Shield Wallet has fled the United States market because Ridge called it out for flagrantly infringing Ridge's intellectual property.

10.     Harding is the individual behind JH Ecom Ltd. d/b/a Shield Wallet.

11.     On information and belief, the "JH" in "JH Ecom Ltd." refers to Harding's initials.

12.     On information and belief, the proceeds from the sales of Infringing Shield Wallet Products (as that term is defined below) are either in the possession of JH Ecom Ltd. d/b/a Shield Wallet or Harding.

13.     Defendants are and have been aware of Ridge since before the filing of this lawsuit, as they modeled their business after Ridge.

14.     Defendants are and have been aware of at least some of the various forms of intellectual property protecting Ridge's innovative compact wallets since before the filing of this lawsuit.

15.     Defendants have violated the basic American tenets of fair competition by trading on the patented technology and goodwill that Ridge has spent substantial time and money developing.

16.     Defendants have acted willfully, based on their knowledge of Ridge and Ridge's

intellectual property. Rather than create their own distinct compact wallet, on information and belief, Defendants have chosen to sell compact wallets that infringe Ridge's United States patents and trade by manufacturing, selling, offering for sale, importing, and/or distributing knockoff Ridge wallets throughout the United States, including in the State of Illinois.

17. Upon information and belief, until at least as early as November of 2023, Defendants offered their products for sale (without substantial investment of their own) by way of their websites, https://www.shield-wallet.com or https://www.shield-wallets.com.

18. Ridge and the consuming public have been harmed by Defendants' patent infringement and sale of products that infringe Ridge's trade dress to induce a confusing similarity to Ridge's compact wallets.

**THE PARTIES**

19. Ridge is a limited liability corporation existing under the laws of the State of Delaware, and having its principal place of business at 2448 Main St., Santa Monica, California, 90405, United States.

20. On information and belief, JH Ecom Ltd. is a United Kingdom private limited company having its principal place of business at 5 Springfield Avenue, Bangor, County Down, Northern Ireland, BT20 5BY. On information and belief, JH Ecom Ltd. operates under company number NI697305.

21. On information and belief, Defendant Jacob Harding is the individual who is the namesake of JH Ecom Ltd., and is a resident of the United Kingdom.

**JURISDICTION AND VENUE**

22. This action arises in part under the patent laws of the United States, Title 35 U.S.C. The jurisdiction of this Court is proper under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, § 1332,

and § 1338.

23.     Defendants are and/or were importers, distributors, sellers and/or offerors to sell of compact wallets in the United States.

24.     On information and belief, Defendants offered for sale their infringing compact wallets on direct-to-consumer website(s) with the URL https://www.shield-wallet.com and/or https://www.shield-wallets.com.

25.     An example of a website through which Defendants offered for sale infringing products in the United States in July, 2023, collected from archive.org, is reproduced below:



This screenshot shows that both a money clip version (left) and a cash strap version (right) of the Shield Wallet were being offered for sale as of July 22, 2023 (*see* top bar, indicating the date this web page was archived).

26.     The products illustrated above are Ridge clones.

27.     Indeed, several customers have pointed out just the extent to which Defendants' products are Ridge clones.  **Exhibit K** hereto contains a collection of customer feedback, received by Ridge, in which customers identify Shield Wallet as a clone and generally express concern that

5

they are being allowed to continue knocking off Ridge's products.

28.     Certain of the products identified above, when offered for sale and/or sold by Defendants in the United States, infringe one or more claims of Ridge's U.S. Patent No. 10,791,808 (the "'808 Patent"). A true and correct copy of the '808 Patent is attached hereto as **Exhibit A**.

29.     In particular, products sold or offered for sale in the United States by Defendants that include a money clip infringe, directly or indirectly, literally or under the doctrine of equivalents, the '808 patent.

30.     On information and belief, Defendants have offered for sale and/or sold compact wallets that infringe one or more claims of the '808 Patent to residents and citizens of Illinois who reside within this District.

31.     Certain of the products identified above, when offered for sale and/or sold by Defendants in the United States, infringe one or more claims of Ridge's U.S. Patent No. 11,596,212 (the "'212 Patent"). A true and correct copy of the '212 Patent is attached hereto as **Exhibit B**.

32.     In particular, products sold or offered for sale in the United States by Defendants that include a cash strap infringe, directly or indirectly, literally or under the doctrine of equivalents, the '808 patent.

33.     On information and belief, Defendants have offered for sale and/or sold compact wallets that infringe one or more claims of the '212 Patent to residents and citizens of Illinois who reside within this District.

34.     On information and belief, Defendants have offered for sale and/or sold compact wallets that infringe Ridge's trade dress in the unique, identifying "beveled edges" of the compact

wallet silhouette described above (the "Trade Dress") to residents and citizens of Illinois who reside within this District.

35.     Collectively, the money clip products, the cash strap products, and the products with the "beveled edges" are referred to as the "Infringing Products."

36.     The Court has personal jurisdiction over Defendants because they have actively engaged in the manufacture, advertising for sale, offers for sale, sales, and/or distribution of the Infringing Products in the Northern District of Illinois.

37.     Defendants therefore have committed and/or are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongly caused Plaintiff injury in Illinois.

38.     The Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

39.     Venue is proper as to Defendants because Defendants do not reside in the United States, so Defendants may be sued in any judicial district.

### RIDGE'S LEGACY OF INNOVATION

40.     Ridge was formed with the simple goal of making wallets better. Ridge has been successful in that goal. To date, Ridge has sold more than five million wallets. Even with that success, Ridge continues to start each day with that same mentality: to improve the items customers carry every day.

41.     Today, the Ridge Wallet is one of the most distinctive and recognizable wallets on the market.



42.     Prior to Ridge revolutionizing the industry, wallets were designed to hold everything from gift cards and credit cards to receipts and coins.

43.     Ridge turned that approach on its head with a minimalist-first design approach.

44.     It all started when lead inventor and company founder Daniel Kane had an idea for a wallet that is sleeker and smaller than a traditional trifold or bifold wallet.



45.     Sitting at his home in California, Mr. Kane came up with a design for a card-shaped wallet to hold not only cards (credit cards, identification cards, and the like) but also to hold cash. Its exterior was metal and (initially) included a money clip. It included two multi-piece metal panels that were (initially) held together with rivets. The two panels were urged toward one another with an elastic band.

46.     Mr. Kane's mother sewed the very first set of elastic bands, and a Simi Valley, California metalworker crafted the metal components that were used in those first wallets, including the rivets used to fix the plates together. Mr. Kane made the interior plates of the original prototypes by modifying plastic gift cards glued together and removing excess plastic to make the inner track for the elastic bands. The metalworker then re-created those plastic interior plates in metal to create the first metal prototypes.

47.     As interest in Ridge's innovative product grew, and sales and revenue reflected this growth, Ridge began offering different iterations of the same wallet to address differences in consumers' style preferences.

48.     These additional designs also included compact wallets with so-called "cash straps," instead of money clips, to hold cash to the outside of the wallet:



49.     Ridge's dual track, metal design has become synonymous with the brand itself, leading consumers to refer to knockoffs as "generic Ridge wallets."  For example:



50.     In fact, a wallet-focused website called Walletopia put together an article evaluating "the top 6 Ridge knock off wallets from Amazon and compar[ing] them to the original ridge Carbon Fiber and Ridge Aluminum.  It's the Ridge vs knockoff to see if it makes sense to try before you buy a Ridge Wallet."  In the article, Walletopia acknowledges that other sellers are clearly "Ridge knockoffs."  For example:

> We have all seen the advertising for Ridge Wallets and all that they have
> done. They are everywhere and their design set the pace for a wallet that
> works well for a sandwich-type design. That said, we know every wallet has
> knockoffs.

51.     According to Archive.org, Walletopia did not exist before 2019, meaning its
existence in and of itself capitalizes on the market Ridge created:



https://web.archive.org/web/20190406082858/https://www.walletopia.info/.

52.     Ridge markets, advertises, and promotes its compact wallets across several social
media platforms, such as Instagram, Facebook, TikTok, and X (formerly known as Twitter).

53.     Ridge additionally markets, advertises, and promotes its compact wallets on its own
website, hosted by Shopify, (www.ridge.com), as well as on Amazon.com. *See, e.g.,*
https://www.amazon.com/s?me=A2VG2N28IEQS4H&marketplaceID=ATVPDKIKX0DER.

54.     Ridge also has several wholesale relationships that foster Ridge's United States-
based expansion into brick-and-mortar retailers across the United states.  For example, Ridge sells
its compact wallets at Best Buy locations across the United States, as well as at Scheel's,
Nordstrom, Buckle, and others.  Ridge's wholesale business is actively growing.

<u>**RIDGE'S INTELLECTUAL PROPERTY RIGHTS**</u>

55.     Ridge's commitment to innovation includes prosecuting and filing patent
applications, including, but not limited to, the '808 Patent and the '212 Patent.

56.     Ridge owns, by assignment, all right, title, and interest in the '808 Patent.

10

57.     The '808 Patent, titled "Compact Wallet," issued on October 6, 2020 and names Ridge founder Daniel Kane as the single inventor.  Exhibit A.  The '808 Patent issued from U.S. Patent Application No. 15/421,596, which was filed on February 1, 2017.  Exhibit A.

58.     A true and accurate copy of the assignment from Daniel Kane, the named inventor of the '808 Patent, to Ridge is attached hereto as **Exhibit C**.

59.     Ridge has scrupulously enforced and protected the '808 Patent against past infringers, including through Amazon takedown requests, countless cease and desist letters, numerous federal litigations, and even a successful International Trade Commission investigation (ITC Inv. No. 337-TA-1355), in which Ridge secured, inter alia, a General Exclusion Order, barring all wallets that infringe the '808 Patent from importation into the United States.  A true and accurate copy of the public Commission Opinion is attached hereto as **Exhibit D**.  A true and accurate copy of the General Exclusion Order issued by the Commission in the Investigation is attached hereto as **Exhibit E**.

60.     Ridge has secured a permanent injunction against a source of infringing compact wallets called Shenzhen X-World Technology Co., Ltd. ("X-World").  That permanent injunction, issued by a Judge in the Northern District of Illinois, is attached hereto as **Exhibit F**.  That permanent injunction enjoins X-World from, among other things, infringing the '808 Patent.

61.     Ridge owns, by assignment, all right, title, and interest in the '212 Patent.

62.     The '212 Patent, titled "Compact Wallet," issued on March 7, 2023 and names Ridge founder Daniel Kane as the single inventor.  Exhibit B.  The '212 Patent issued from U.S. Patent Application No. 17/035,261, which was filed on September 28, 2020.  Exhibit B.

63.     A true and accurate copy of the assignment from Daniel Kane, the named inventor of the '212 Patent, to Ridge is attached hereto as **Exhibit G**.

64.     Ridge has complied with 35 U.S.C. § 287 at least by virtually marking its patented products on its website.

65.     Ridge is also the owner of the common law trade dress for the beveled edges of its compact wallets, as demonstrated in the below photograph of one of Ridge's compact wallets (red arrows identifying exemplary beveled edges, which are visible due to light reflection from the bevel):



66.     The aforementioned trade dress covering Ridge's beveled edges is referred to hereinafter as the "Trade Dress."

67.     The Trade Dress is inherently distinctive, serving to identify and indicate the source of Ridge's compact wallets to the consuming public, and to distinguish such Ridge products from those of others.

68.     The Trade Dress is non-functional and serves to identify to consumers that the origin of the product is Ridge, as compared to some of the cheaper, lower-quality, unauthorized knock-offs available on the market.

69.     Additionally and alternatively, as a result of Ridge's extensive usage and promotion

of the Trade Dress for more than nine (9) years, the Trade Dress has become distinctive to designate Ridge's compact wallets, to distinguish Ridge's products from the products of others, and to distinguish the source or origin of Ridge's products.

70.     The Trade Dress is distinctive and famous under 15 U.S.C. § 1125(c).

71.     Consumers know and respect the Trade Dress as a symbol of quality, premium, Ridge-branded compact wallets.

72.     As a result of Ridge's extensive, continuous use and promotion of the Trade Dress in interstate commerce, Ridge has developed valuable goodwill and strong common law rights.

73.     As a result of Ridge's efforts, consumers have come to identify and recognize the Trade Dress as an indicator of Ridge as the source of Ridge's compact wallets.

74.     Reflective of the above, the United States Patent and Trademark is set to issue a trade dress registration for the Trade Dress in the coming weeks; the opposition period for the same recently closed in Application Serial No. 98435828.

75.     The permanent injunction attached hereto as Exhibit F enjoins X-World (and those in active concert and participation with X-World) from, among other things, infringing the Trade Dress.

## DEFENDANTS' ILLEGAL ACTIVITIES AND KNOWLEDGE OF RIDGE'S INTELLECTUAL PROPERTY

76.     Upon information and belief, Defendants are sellers of various items, located in the United Kingdom, with an online presence primarily by way of their own direct to consumer websites: https://www.shield-wallet.com and/or https://www.shield-wallets.com.

77.     Upon information and belief, Defendants offered and/or offer for sale and sold and/or sell compact wallets on social media shopping platforms such as Instagram shop and Tiktok Shops.

78.     On information and belief, at least at some point, Defendants sourced compact wallet products from X-World.

79.     At least as early as August 15, 2023, Defendants were on notice of, and therefore had knowledge of, Ridge's belief that Defendants' compact wallets, such as those offered for sale at the above-referenced websites, infringe Ridge's '808 Patent and Ridge's '212 Patent.

80.     In particular, Ridge sent a cease-and-desist letter via email to Shield Wallet on August 15, 2023, asserting patent infringement by various styles of Defendants' compact wallets of each of the aforementioned patents.  A true and correct copy of the cease-and-desist letter and its attachments is attached hereto as **Exhibit H.**

81.     On August 15, 2023, Shield Wallet acknowledge receipt of the cease-and-desist letter.

82.     Sield Wallet continued to make sales of Infringing Products after August 15, 2023.

83.     Ridge received the following email from one of its prospective customers on March 2, 2023:



On Thursday, March 2nd 2023 at 3:21:11 PM richard@trowsdale.email wrote:
Hi,

Not sure if you're already aware of this, but I scrolled past and Instagram ad today showcasing a wallet that I immediately thought looked very similar to The Ridge. I recently purchased one of your wallets, so at first I assumed that I was just being served up an ad for The Ridge. Turned out to be a different brand (called Shield Wallet) selling a very similar-looking product to yours but at a significantly cheaper price point - some 50% off.
I clicked the link and noticed that they're clearly using images of The Ridge wallet(s) in their advertising. They have multiple photos of "their" product where you can easily see the image manipulation done to remove The Ridge branding from the product to use as their own.
It's on their site home page (The Shield Wallet (shield-wallet.com)https://shield-wallet.com/) if you wanted to look into it. It appears they haven't bothered to even try removing the "R" from the cash strap in one of the angled shots of the product.

Hope this is helpful.

Regards

In this email, it can be seen that the customer emailing Ridge identifies Defendants as sellers of knock-off products, and expresses concern that he (the customer) thought he would be receiving a

Ridge wallet and instead received a Shield Wallet. This demonstrates the extent to which Defendants are copyists of Ridge's flagship product, and also demonstrates the consumer confusion caused by such copying.

84.     Defendants' infringing compact wallets do not have the same premium quality as Ridge's compact wallets.

85.     Upon information and belief, Defendants intentionally chose a design that is confusingly similar to Ridge's Trade Dress in an effort to trade on the goodwill of Ridge's successful compact wallets and beveled edge design.

86.     Upon information and belief, the desire to copy Ridge was what led Defendants to X-World—a now enjoined, Chinese copyist of Ridge's intellectual property.

87.     Defendants' use of the confusingly similar design began well after Ridge's Trade Dress had acquired great strength and consumer recognition in the marketplace.

88.     Upon information and belief, Defendants were aware of Ridge's Trade Dress when they began use of the confusingly similar design.

89.     Defendants' commercial use of the Trade Dress is in interstate commerce and is without permission or authority from Ridge.

90.     Defendants' unauthorized offer for sale, sale, distribution, and/or use of the infringing compact wallets is likely to cause confusion or mistake, or to deceive consumers and potential consumers as to the affiliation, connection, or association of Defendants with Ridge, or as to origin, sponsorship, or approval of Defendants' goods or commercial activities of Ridge. Exhibit K.

91.     Defendants' unauthorized commercial manufacture, offer for sale, sale, distribution, and/or use of their confusingly similar compact wallets indicates to the purchasing

public that Defendants, their business, and their goods or services originate with Ridge, or are affiliated, connected, or associated with Ridge, or are sponsored, endorsed, or approved by Ridge, or are in some manner related to Ridge or their goods and services.

92.     Defendants' unauthorized offer for sale, sale, distribution, and/or use of their confusingly similar compact wallets falsely designates the origin of Defendants' goods, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods.

93.     Defendants' unauthorized commercial manufacture, offer for sale, sale, distribution, and/or use of their confusingly similar infringing compact wallets was and is intended to trade on and receive the benefit and goodwill built up at great labor and expense by Ridge, and to gain acceptance for Defendants' goods based on the reputation and goodwill of Ridge, its goods, and its Trade Dress.

94.     Defendants' unauthorized commercial manufacture, offer for sale, sale, distribution, and/or use of their confusingly similar infringing compact wallets, a reproduction, counterfeit, copy, or colorable imitation of the Trade Dress, enables Defendants to palm off their goods on the unsuspecting public as those of Ridge.

95.     Defendants' unauthorized commercial manufacture, offer for sale, sale, distribution, and/or use of their confusingly similar infringing compact wallets removes from Ridge the ability to control the nature and quality of goods and services associated by consumers with Ridge's Trade Dress and places the valuable reputation and goodwill of Ridge in the hands of Defendants, over whom Ridge has no control.

96.     As a result of Defendants' unauthorized commercial manufacture, offer for sale, sale, distribution, and/or use of their confusingly similar infringing compact wallets, Defendants are being and have been unjustly enriched at the expense of Ridge and the public.

97.     Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Ridge's rights.

98.     In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of 35 U.S.C. § 285.

99.     In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I
### (Infringement of the '808 Patent)

100.    Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 to 99 as if set forth fully herein.

101.    Ridge owns all substantial rights, interest, and title in and to the '808 Patent, including the sole and exclusive right to prosecute this action and enforce the '808 Patent against infringers, and to collect damages and secure and enforce injunctive relief, for all relevant times.

102.    The '808 Patent generally describes a sleek card and money-carrying device, such as a compact wallet, that is capable of blocking radio frequency identification ("RFID"). In particular, the claimed invention "is a compact wallet designed to present a minimal silhouette in a shirt, pants, or purse pocket. Novel features hold the silhouette to the minimal dimensions of a credit card while affording maximal expandability for content storage and accessibility." Exhibit A at Abstract.

103.    The '808 Patent claims are directed to patent eligible subject matter in the form of "machines" – "compact wallet[s]" – and thus satisfy 35 U.S.C. § 101.

104.    Defendants have made, had made, used, imported, supplied, distributed, sold, and/or offered for sale certain wallet products including money clips, known as compact wallets. These acts constitute direct infringement of at least Claims 1 and 14 of the '808 Patent.

105.    The claim chart attached hereto as **Exhibit I** demonstrates why Defendants' products infringe Claims 1 and 14 of the '808 Patent.  On information and belief, the product shown in the claim chart attached as Exhibit I reflects the design of products Defendants were selling in August, 2023.

106.    Ridge has been damaged as a result of Defendants' infringing conduct.  Thus, Defendants are liable to Ridge in an amount that compensates Ridge for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

107.    Defendants' infringement of the '808 Patent has caused Ridge to suffer substantial and irreparable harm.

108.    Defendants have been aware of Ridge's belief that Defendants infringes the '808 Patent since at least August 15, 2023.

109.    Defendants' infringement of the '808 Patent has been willful, intentional, deliberate, and/or in conscious disregard of Ridge's rights under the '808 Patent.

110.    Ridge has complied with 35 U.S.C. § 287 with respect to the '808 Patent at least by virtually marking its patented products on its website.

## COUNT II
**(Infringement of the '212 Patent)**

111.    Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 to 110 as if set forth fully herein.

112.    Ridge owns all substantial rights, interest, and title in and to the '212 Patent, including the sole and exclusive right to prosecute this action and enforce the '212 Patent against infringers, and to collect damages and secure and enforce injunctive relief, for all relevant times.

113.    The '212 Patent, like the '808 Patent, generally describes a sleek card and money-carrying device, such as a compact wallet, that is capable of blocking radio frequency identification ("RFID"). In particular, the claimed invention "is a compact wallet designed to present a minimal silhouette in a shirt, pants, or purse pocket. Novel features hold the silhouette to the minimal dimensions of a credit card while affording maximal expandability for content storage and accessibility." Exhibit B at Abstract.

114.    The '212 Patent claims are directed to patent eligible subject matter in the form of "machines" – "compact wallet[s]" – and thus satisfy 35 U.S.C. § 101.

115.    Defendants have made, had made, used, imported, supplied, distributed, sold, and/or offered for sale certain wallet products including cash straps, known as compact wallets. These acts constitute direct infringement of at least Claim 1 of the '212 Patent.

116.    The claim chart attached hereto as **Exhibit J** demonstrates why Defendants' products infringe Claim 1 of the '212 Patent. On information and belief, the product shown in the claim chart attached as Exhibit J reflects the design of products Defendants were selling in August, 2023.

117.    Ridge has been damaged as a result of Defendants' infringing conduct. Thus, Defendants are liable to Ridge in an amount that compensates Ridge for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

118.    Defendants' infringement of the '212 Patent has caused Ridge to suffer substantial and irreparable harm.

119.    Defendants have been aware of Ridge's belief that Defendants infringes the '212 Patent since at least August 15, 2023.

120.     Defendants' infringement of the '212 Patent has been willful, intentional, deliberate, and/or in conscious disregard of Ridge's rights under the '808 Patent.

121.     Ridge has complied with 35 U.S.C. § 287 with respect to the '212 Patent at least by virtually marking its patented products on its website.

### COUNT III
### (Trade Dress Infringement)

122.     Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 to 121 as if set forth fully herein.

123.     Defendants' acts complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).  In particular, Defendants' acts relating to wallets with beveled edges constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

124.     Defendants' use of Ridge's Trade Dress and/or reproductions, counterfeits, copies, or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Ridge and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with Ridge.

125.     Ridge's Trade Dress is entitled to protection under the Lanham Act. Ridge's Trade Dress includes unique, inherently distinctive, and non-functional designs.  Ridge has extensively and continuously promoted and used its Trade Dress in commerce in The United States.  Through that extensive and continuous use, Ridge's Trade Dress has become a well-known indicator of the origin of Ridge's compact wallets.  Ridge's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, Ridge's Trade Dress acquired this secondary meaning

20

before Defendants commenced their unlawful use of Ridge's Trade Dress in connection with the infringing products.

126.    Ridge has been damaged by Defendants' unlawful use of Ridge's Trade Dress, and, unless enjoined, Defendants' unlawful use of Ridge's Trade Dress will continue to cause substantial and irreparable injury to Ridge for which Ridge has no adequate remedy at law.  The injury to Ridge includes at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ridge, Ridge's Trade Dress, and Ridge's compact wallets.  Exhibit K.

127.    Defendants' use of Ridge's Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing product design to Ridge's Trade Dress, as demonstrated above.

128.    Ridge is entitled to injunctive relief, and Ridge is entitled to recover at least Defendants' profits, Ridge's actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

129.    In view of the nature of Defendants' acts in violation of 15 U.S.C. § 1125(a) complained of herein, and/or Defendants' willfulness and bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT IV
### (Federal Unfair Competition)

130.    Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 to 129 as if set forth fully herein.

131.    Defendants have used and continue to use Ridge's Trade Dress in commerce, or counterfeits, reproductions, copies, or colorable imitations thereof.

132.    The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false or misleading descriptions or representations of fact on or in

connection with goods or services, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

133.    Ridge has been damaged by Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein.

134.    The nature of Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein and/or Defendants' willfulness and bad faith, make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## JURY DEMAND

Ridge hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Ridge requests that:

A.    The Court find that Defendants have infringed the '808 Patent and hold Defendants liable for such infringement;

B.    The Court preliminarily and permanently enjoin Defendants from further infringement of the '808 Patent;

C.    The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Ridge for Defendants' past infringement of the '808 Patent (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

D.    The Court find that Defendants have infringed the '212 Patent and hold Defendants liable for such infringement;

E.    The Court preliminarily and permanently enjoin Defendants from further infringement of the '212 Patent;

F.     The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Ridge for Defendants' past infringement of the '212 Patent (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

G.     The Court increase the damages to be awarded to Ridge for patent infringement by three times the amount found by the jury or assessed by the Court;

H.     The Court declare that this is an exceptional case entitling Ridge to its reasonable attorneys' fees under 35 U.S.C. § 285;

I.     The Court find that Defendants have infringed Ridge's Trade Dress in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq*. and hold Defendants liable for such infringement;

J.     The Court preliminarily and permanently enjoin Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them from:

    a.   further infringement of Ridge's Trade Dress, including but not limited to making, using, offering for sale, selling, importing, and/or distributing compact wallets containing the Ridge Trade Dress covering at least their beveled edges;

    b.   Competing unfairly with Ridge in any manner, including without limitation, unlawfully adopting or using any other compact wallet designs that are likely to cause confusion with Ridge's Trade Dress;

    c.   Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be to infringe or likely to dilute Ridge's Trade Dress, or to confuse, mislead, or deceive consumers as to the affiliation, connection, or association of Defendants with Ridge or as to the origin,

sponsorship, or approval of Defendants' goods or commercial activities by Ridge; and

    d.   Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in the sub-paragraphs above.

K.    The Court order the Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them to:

    a.   Remove from all websites viewable from the United States any depiction of references to the infringing compact wallets;

    b.   Recall and destroy (or deliver to the Court for destruction) all products and packaging consisting of, involving, or related to at least the Trade Dress infringing designs and provide proof to the Court of the same; and

    c.   Destroy (or deliver to the court for destruction) any and all advertising or promotional or other materials visible in the United States pertaining to the Trade Dress infringing compact wallets and all product utilizing the infringing Trade Dress, regardless of the medium on which such advertising, promotional, or other materials are contained and provide proof to the Court of the same;

L.    The Court require Defendants to file with this Court and serve upon Ridge within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

M.    The Court require Defendants to account for, and turn over to Ridge, all profits realized as a result of their infringement and other unlawful acts, such award of profits to be

enhanced as the Court finds just under the circumstances of this case;

N.      The Court award damages adequate to compensate Ridge for Defendants' past infringement of Ridge's Trade Dress (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

O.      The Court determine that the case is "exceptional" under 15 U.S.C. § 1117(a);

P.      The Court increase the damages to be awarded to Ridge for trade dress infringement by three times the amount found by the jury or assessed by the Court;

Q.      The Court award such other relief as the Court may deem just and proper.

Dated: August 8, 2025             Respectfully submitted,

*/s/ Benjamin E. Weed*
Benjamin E. Weed
Gina A. Johnson

**The Ridge Wallet LLC**
104 Main Street, Suite 2C
Park Ridge, IL 60068
ben@ridge.com
gina@ridge.com

**ATTORNEYS FOR PLAINTIFF**
**THE RIDGE WALLET LLC**